## STATE v. LEONARD KOLODGE.

196 N. W. 2d 920.

March 31, 1972—No. 42530.

*C. Paul Jones,* State Public Defender, and *G. Thomas MacIntosh II* and *Edgar H. Rex, Jr.,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *John M. Mason,* Solicitor General, and *Richard B. Allyn,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Todd, JJ.

PER CURIAM.

Defendant was convicted of burglary in violation of Minn. St. 609.58, subd. 2(3). By this direct appeal from the judgment, he seeks a dismissal or a new trial on the sole ground that the evidence compelled the trial court to accept his defense of intoxication, § 609.075, or at least does not justify the jury's rejection of his testimony and supporting medical opinion testimony based thereon, and that by reason of alcohol

and drug intoxication he was unable to entertain the particular intent required to sustain his conviction.

Our careful review of the record compels a conclusion that there is ample evidence to justify a finding of intent. The unanimous opinion that defendant was not intoxicated, testified to by five officers present and participating in defendant's arrest at the scene of the burglary and corroborated by his conduct following arrest; the undisputed circumstances of his breaking into the store two hours after midnight; his presence at his home one-half hour before the break-in; and the finding of a loaded rifle lying on the floor a short distance from the store's washroom, where he was apprehended, overwhelmingly contradict his sole assertion that, immediately preceding the break-in, he had taken an overdose of emperin compound with codeine, followed by excessive drinking of intoxicants. These facts also remove the medical witness' basis for his opinion. The evidence fully justified the jury in concluding that defendant broke into the store with the intent to commit theft. State v. O'Donnell, 280 Minn. 213, 158 N. W. 2d 699 (1968); State v. Bonga, 278 Minn. 181, 153 N. W. 2d 127 (1967).

Affirmed.